Argued at Pendleton November 4, affirmed December 6, 1927.

HENRY LINSTER *v.* EAST LAKE HEALTH RE-SORT, INC.

(261 Pac. 686.)

**Compromise and Settlement—Burden was on Defendant Corporation to Establish Agreement to Deliver and Accept Capital Stock in Discharge of Plaintiff's Claims.**

1. In action on notes and for services performed, materials furnished and money advanced, defendant had burden of satisfying court by preponderance of evidence that agreement relied on by it to accept capital stock of corporation in discharge of plaintiff's claims was made, and that parties' minds met.

**Compromise and Settlement—Evidence Held Insufficient to Establish Agreement to Deliver and Accept Capital stock in discharge of Plaintiff's Claims Against Corporation (Or. L., §§ 6867, 6877).**

2. Evidence in action on notes and for services performed, materials supplied, and money advanced, *held* insufficient to establish alleged agreement to deliver and accept certain amount of increased capital stock of defendant corporation in discharge of plaintiff's claims; records not showing that directors, who conduct corporation's business affairs under Section 6867, Or. L., though power to authorize increase in stock reposes in stockholders under

Section 6877, accepted plaintiff's offer to take stock in lieu of money.

**Compromise and Settlement—Defendant Corporation, Setting Up Agreement to Accept Stock in Discharge of Plaintiff's Claims, Held Required to Show a Tender.**

3. Tender of part of defendant corporation's increased capital stock to plaintiff *held* necessary where corporation set up agreement to accept such stock in discharge of plaintiff's claims for services, etc.

Appeal and Error, 4 C. J., p. 885, n. 39.
Compromise and Settlement, 12 C. J., p. 364, n. 20, p. 366, n. 56.
Corporations, 14 C. J., p. 495, n. 68, p. 496, n. 81, p. 550, n. 53 New; 14a C. J., p. 81, n. 50, p. 859, n. 16.

From Deschutes: T. E. J. Duffy, Judge.

In Banc.

The complaint alleges six causes of action. The first of these was based upon a note for $1,710.22; the second upon a note for $553.40; in both notes the plaintiff is payee; the fourth cause of action was upon a note for $1,710.00; in which W. M. Linster is payee; all three notes it is alleged were executed by the defendant. The complaint avers plaintiff purchased the third note and is the owner of it. The third cause of action alleges that the plaintiff performed work, labor and services for the defendant, supplied it with materials and advanced for it money, all at its request; it alleges partial payment only. The fifth cause of action alleges that Henry Linster, Jr., performed work for the defendant; it avers nonpayment; the sixth cause of action is based on a charge that Mary Linster performed work for the defendant; it avers nonpayment. Assignment of both of these claims to the plaintiff is alleged. The answer admits execution of all three notes and consideration for the second, but denies all other allegations in regard to the notes. The third, fifth and

sixth causes of action met with general denials. Pleading affirmatively, the answer sets forth that the plaintiff performed work for the defendant of the value of $553.40 and in payment accepted the note alleged in the second cause of action; that in the season of 1921 the plaintiff moved to the defendant's resort, took charge, performed some work, and that the defendant agreed to pay him for his services and that of his wife and son $13 per day; that while the plaintiff was thus employed by the defendant during that season, he came into possession of a considerable sum of money belonging to the defendant and failed to account for it. Further the answer alleges that in 1922 the plaintiff took charge of defendant's resort; that he again came into possession of moneys belonging to the defendant and failed to account; it alleges that whatever services he and his family performed in 1922 were paid for by the defendant's notes. The answer alleges that in 1923 the plaintiff and his family operated the defendant's resort; that the plaintiff and defendant agreed that he should be allowed $15 per day for himself and family, which he should deduct from the income of the resort, but that if the income was not sufficient he should make no claim against the company; but that if there was more than enough to pay the foregoing salary, he should account to the company for the surplus. Continuing, the answer alleges that at the close of the 1923 season the plaintiff was discharged, but that before the opening of the 1924 season he again moved to the resort, took charge and refused to vacate, and that while there he received $2,508, money belonging to the defendant, for which he should account. The answer alleges that at the close of the 1922 season a settlement was had with the plaintiff

in which he represented not only his own claims, but also those of other members of his family, and that in this settlement it was agreed that the company should increase its capital stock from $25,000 to $30,000, and that he should receive shares of stock as payment of the claims then due. The answer alleges that application was made to the corporation department for permission to increase the amount of the capital stock; that a license was granted and that the plaintiff was notified that stock was available for him, but that he did not come to receive it. The answer alleged that the plaintiff received into his possession various sums of money belonging to the defendant; disbursed some of it and failed to render to the defendant any accounting of the transactions which he carried on with the defendant's money and property. Allegations in the answer to the effect that the plaintiff misrepresented to the directors the income of the resort and his expenditures were withdrawn at the trial. The reply admitted that plaintiff and his family worked for the defendant, and that the claims mentioned in the complaint arose through those circumstances, but denied substantially all of the other allegations of the answer.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. H. H. DeArmond* and *Mr. R. B. Parsons,* with an oral argument by *Mr. Parsons.*

For respondent there was a brief over the names of *Mr. E. O. Stadter* and *Mr. L. E. Schmitt,* with an oral argument by *Mr. Schmitt.*

ROSSMAN, J.—The assignments of error relate almost entirely to the disposition made by the trial

court of pure questions of fact. The transcript of testimony covers 181 pages; the exhibits consist of a number of documents. We have carefully read and fully considered the transcript of testimony and the documentary exhibits; in so doing we had the benefit of the lower court's findings of fact and conclusions of law, together with a copy of his oral decision covering fourteen additional pages of the transcript, wherein he analyzed and compared the testimony and the contentions advanced by the respective parties. It is apparent from the transcript that the trial judge took a commendable part in the trial of the case, asking many questions of both witnesses and attorneys so as to assure himself of a correct understanding of the issues and of the evidence. He saw the witnesses and their demeanor on the stand; he was in a better position than we are to weigh the evidence. Nevertheless we have carefully analyzed the evidence and have come to the same conclusion as the trial judge. We do not believe that we would perform a service of much value to the parties, nor to the Oregon Reports if we should set forth at length our comparison and analysis of the testimony. Particularly defendant contended that the plaintiff, acting in his own behalf and that of other members of his family, agreed to take shares of capital stock in lieu of cash. The lower court found that a meeting of the minds of the parties had not actually occurred; that the words spoken were preliminary and in the nature of negotiations, and that the parties had not pursued the matter to the point where they agreed upon the details. We are in accord with this conclusion.

1, 2. Defendant offered in evidence some documents purporting to be the minutes of a special meeting of the stockholders held September 19, 1922; also

a document purporting to be the minutes of a special meeting of the board of directors held on the same day. These minutes were not kept in any book, but were upon loose sheets of paper. The two sheets purporting to be minutes of the stockholders' meeting bear a blank space for the signature of the president and secretary; neither official, however, attached his signature. This set of minutes recites that the following resolution was submitted for the approval of stockholders; that is, that the corporation is indebted to the plaintiff in excess of the amount of money that it has on hand, and "Whereas, the said Henry Linster is a heavy stockholder in the company and has proposed that he be paid in stock of the company," concludes with a resolution for an increase in the capital stock; the minutes show that the plaintiff was present and voted "aye," but as we have observed the document is not authenticated with the signature of anyone. The minutes of the meeting of the directors bears the signature of both the secretary and of the president. It authorizes an increase in the capital stock of the corporation, but makes no reference to the matter of plaintiff accepting stock in place of money. There is no recital in any of the minutes we have before us to the effect that they were read at some subsequent meeting and approved either by the plaintiff, by a committee, by the stockholders or by the directors. The minutes of the stockholders' meeting do not state that the foregoing resolution was in writing. The plaintiff contends that he authorized no proposal of the character mentioned in the minutes; that his proposition was to have the corporation sell stock, thereby raise cash and thus enable the corporation to discharge his claims. If the records of the corporation showed

that the plaintiff acquiesced at any time in the correctness of recitals contained in the minutes, the latter would thereby become exalted to an admission of a very high character; indeed he might even be estopped to offer testimony out of harmony with the recitals in the minutes.    Under the circumstances it is possible that the secretary may not have correctly transcribed what actually took place.    Frequently those officiating as secretaries at such gatherings are not expert shorthand reporters; in some instances they undertake later to transcribe from recollection the matters that took place.    There is no evidence when this document was written, although the secretary of the corporation as a witness testified it correctly set forth what transpired at the meeting.    The defendant had the burden of satisfying the court by a preponderance of the evidence that the agreement it relies upon was entered into, and that the parties carried their negotiations to the point where their minds met; that is, that the plaintiff agreed to accept and the defendant agreed to deliver a certain amount of capital stock in discharge of his various claims.    We do not believe that a preponderance of the evidence supports this plea.

3. It is to be observed that the minutes of the directors' meeting do not recite that the plaintiff made an offer and the directors on behalf of the corporation accepted it.    It is true that the power of authorizing an increase in the capital stock reposes in the stockholders (Section 6877, Or. L.), but the business affairs of the corporations are conducted by the directors: Section 6867, Or. L.    If we are justified in believing that the plaintiff offered to take shares of capital stock in lieu of money, yet as we have just seen, the records do not show the corporation ac-

cepted his offer at the time.   But the defendant contends that it actually increased its capital stock from $25,000 to $30,000.   There is, however, no evidence that it tendered the plaintiff any of this additional stock: under the circumstances a tender would be necessary: Williston on Contracts, § 832.   The lower court committed no error.   Below the answer was treated as equitable.   The decree entered below is affirmed.   Plaintiff may have costs.   AFFIRMED.

BEAN, J., concurs in the result.